KELLOGG-MACKAY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21594. Promulgated August 29, 1930.

*Allen R. Smart, C. P. A.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

### OPINION.

SMITH: The respondent determined the deficiency for 1920 largely by disallowing as a deduction from gross income bad debts claimed upon the return as a deduction in the amount of $42,275.24. He contends that these debts were never ascertained to be worthless in 1920, nor charged off the petitioner's books of account as required by the statute. (Sec. 234 (a) (5), Revenue Act of 1918.)

The evidence is conclusive that the debts were charged off the petitioner's books of account in 1920. We also have no question that there was a bona fide ascertainment of the worthlessness by the petitioner of these accounts in 1920. The amount charged off was the balance between the amounts owed to the petitioner by the Roberts Plumbing Co. and the realizable assets. The respondent contends that inasmuch as the entire amount owed to the petitioner by the Roberts Plumbing Co. was not charged off, the balance due could not be taken as a deduction. We are of the opinion that there is no merit in this contention. A balance of a debt ascertained to be worthless and charged off is a legal deduction from gross income. *Davidson Grocery Co.* v. *Lucas*, 37 Fed. (2d) 806. The evidence satisfies us that the debts were bona fide ascertained to be worthless in 1920. We think the fact that in 1922 the petitioner succeeded in selling the assets of the Roberts Plumbing Co. to Patterson for an amount of $5,000 does not disprove the bona fide character of the ascertainment of worthlessness by the petitioner.

*Judgment will be entered under Rule 50.*